NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCO ANTONIO CASILLAS,

　　　　Petitioner - Appellant,

　v.

KEN CLARK, Warden,

　　　　Respondent - Appellee.

No. 23-2213

D.C. No.
2:21-cv-01267-SPG-MAR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted March 5, 2025
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

　　Petitioner Marco Antonio Casillas appeals the district court's order denying

his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first

degree murder committed during a burglary, for which he received a life sentence

without parole. Because the parties are familiar with the facts, we do not recount

them here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

review de novo the denial of a petition for writ of habeas corpus. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). We affirm.

1. We review Casillas' claim that the trial court deprived him of his constitutional right to present a complete defense pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA). Casillas argues that in resolving this claim on state evidentiary grounds, the California Court of Appeal inadvertently overlooked his federal constitutional claim, warranting de novo review on appeal. *See Johnson v. Williams*, 568 U.S. 289, 301–03 (2013) (holding that 28 U.S.C. § 2254(d) applies only to claims adjudicated on the merits). We disagree. In his brief on direct appeal, Casillas presented his third-party defense claim as one implicating his federal constitutional rights. Thus, we "presume[] that the state court adjudicated the claim on the merits." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). So long as the state court "heard and *evaluated* the evidence and the parties' substantive arguments," this presumption applies. *Johnson*, 568 U.S. at 302 (quoting Black's Law Dictionary 1199 (9th ed. 2009)).

2. The California Court of Appeal's conclusion that the trial court's exclusion of Casillas' third-party culpability evidence did not violate due process was not an unreasonable application of clearly established federal law. In rare cases, the application of an otherwise valid state evidentiary rule can violate due process. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). However, the

trial court's exclusion of the evidence in *Chambers* violated due process because that evidence "bore persuasive assurances of trustworthiness." *Id.*

The evidence here does not have that same level of trustworthiness. At the trial court evidentiary hearing, Miller, a former police jailhouse informant, did not remember writing the three-page letter that Casillas sought to introduce detailing alleged third-party involvement in the murder. Miller also did not remember making statements regarding third-party involvement that Volpei, the District Attorney investigator, attributed to him. While Casillas argues that Miller's letter and statements provided non-public details that bolstered the trustworthiness of this evidence, *see Gable v. Williams*, 49 F.4th 1315, 1330 (9th Cir. 2022), Miller's letter also included some facts that were demonstrably incorrect; for example, the letter stated that Perez disposed of the murder weapon by throwing it in the ocean, when in fact, a knife containing fibers that matched the victim's shirt was found in the neighborhood of the victim's house. Plus, Miller testified that his motivation as an informant was to escape his own criminal charges and that he was willing to tell the police whatever it took to do so.

The exculpatory value of the excluded evidence is also minimal in light of the overwhelming physical evidence placing Casillas at the scene of the crime shortly before the murder took place. *See Perry v. Rushen*, 713 F.2d 1447, 1452 (9th Cir. 1983) (observing that the third-party culpability evidence in *Chambers*

was "highly exculpatory," and "if believed, would *necessarily* exonerate the defendant of the primary offense.").

3. We decline to issue a certificate of appealability as to whether the admission of Semchenko's identification of Casillas violated Casillas' due process rights.[1] To obtain a certificate of appealability, Casillas "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the identification may have been the product of impermissibly suggestive circumstances, Casillas was not prejudiced by its admission. *See Neil v. Biggers*, 409 U.S. 188, 199–200 (1972); *Simmons v. United States*, 390 U.S. 377, 384 (1968). Even without Semchenko's identification, the DNA evidence, fingerprints, palmprint, and internet searches the police discovered on Casillas' computers provided powerful evidence that Casillas murdered Bush.

**AFFIRMED.**

---

[1] We deny Casillas' motion for judicial notice of the color version of the press release image. Dkt. No. 14.